UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JULIUS SCOTT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-4484** |
| **MARLIN GUSMAN, AND MARLIN GUSMAN, CRIMINAL SHERIFF OF ORLEANS PARISH** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Marlin Gusman's Motion to Dismiss for Failure to State Claim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #4) is **GRANTED**, and plaintiff's complaint is **DISMISSED**.

### BACKGROUND

This matter is before the court on a motion to dismiss for failure to state a claim filed by defendant, Marlin Gusman, who is named in his individual capacity and official capacity as the Orleans Parish Criminal Sheriff.

Plaintiff, Julius Scott, was employed by Gusman at the Orleans Parish Prison from August 15, 2005, until May 19, 2009. On February 26, 2009, while he was escorting a prisoner, Scott slipped on a wet floor and fell down a flight of stairs. Scott injured his back in the fall.

In 2010, Scott filed suit against Gusman and others in the Civil District Court, Parish of Orleans, State of Louisiana, seeking damages for the injuries that he sustained in the February 26, 2009, fall. A bench trial was held on February 3, 2015. On February 6, 2015, judgment was entered in Scott's favor awarding him past and future lost wages as a result of the accident.

On September 17, 2015, Scott filed this action in the United States District Court for the Eastern District of Louisiana alleging that Gusman's failure to pay the state-court judgment awarding him past and future wages constitutes a violation of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, *et seq*. Gusman filed a motion to dismiss arguing that Scott has not stated a valid claim under the FLSA, and that this suit really seeks enforcement of the state court judgment.[1]

## ANALYSIS

**A.     Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

---

[1] Gusman also argues that Scott's claim is prescribed and barred by res judicata and collateral estoppel. Because the court finds that Scott did not state a claim under the FLSA, it is unnecessary to address those arguments.

**B.      The Fair Labor Standards Act**

The FLSA mandates that employers pay covered employees a minimum wage of $7.25 per hour, and pay covered employees at least one and one-half times their normal rate of pay for hours worked in excess of 40 hours per week.  29 U.S.C. §§ 206 and 207.  To state a claim for unpaid overtime or minimum wages under the FLSA a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime [or minimum] wage requirements; and (4) the amount of overtime [or minimum wage] compensation due." Johnson v. Heckmann Water Resources, Inc., 758 F.3d 627, 630 (5th Cir. 2014).  To satisfy the second prong, that the employee engaged in activities within the coverage of the FLSA, the employee must demonstrate that he performed work for which he was not compensated.  Harvill v. Westward Commc'ns L.L.C., 433 F.3d 428, 441 (5th Cir. 2005).

Scott has failed to state a claim under the FLSA because he did not allege that he performed work for which he was not compensated.  Indeed, Scott alleges that he seeks to use the FLSA to recover the lost past and future wages that he was awarded in the state-court judgment as compensation for that time that he was out of work due to the injuries he sustained as a result of the February 26, 2009, fall.  This amounts to an attempt to enforce his state-court judgment using the FLSA.  Therefore, Scott has not stated a claim under the FLSA, and Gusman's motion to dismiss is GRANTED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Marlin Gusman's Motion to Dismiss for Failure to State Claim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #4) is **GRANTED**, and plaintiff's complaint is **DISMISSED**.

New Orleans, Louisiana, this  13th  day of October, 2015.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**